UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA RYAN, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI CREDIT SERVICES, INC., a Wisconsin Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25<br><br>Defendants. | Case No.: 11-CV-4994<br><br>Civil Action |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OMNI CREDIT SERVICES, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

THE SALVO LAW FIRM, P.C.

165 Passaic Avenue, Suite 310
Fairfield, New Jersey  07004
(973) 233-4080
Attorneys for Defendant,
Omni Credit Services, Inc.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………..…ii

PRELIMINARY STATEMENT………………………………………………………………..2

STATEMENT OF FACTS……………………………………………………………………..2

LEGAL ARGUMENT…………………………………………………………………………..3

    I.    THE INSTANT COMPLAINT SHOULD BE DISMISSED……………………..3

        A.    The Standard of Review…………...…………………………………………..3

        B.    Plaintiff's Complaint Should Be Dismissed Because Omni Does Not Perform Debt Collection Services And Was Wrongfully Named In This Matter………………………………………………………………….........4

        C.    Defendant Informed Plaintiff That She Should Amend The Complaint, But She Has Not Done So To Date…………………………………...…………..4

CONCLUSION…………………………………………………………………………….5

## **TABLE OF AUTHORITIES**

### **Cases**

**Bell Atlantic Corp. v. Twombly**
550 U.S. 544 (2007) ……………………………………….............................................3

**Burnette v. Carothers**
192 F.3d 52 (2d Cir.1999)……………………………….…………......................4

**Mott v. IBM**
2011 WL 3846523 (E.D.N.Y August 9, 2011) …………………………………...4

**Roth v. Jennings**
489 F.3d 499 (2d Cir. 2007) ……………………………………………………...4

### **Statutes and Regulations**

Fair Debt Collection Practices Act, 15 U.S.C §1692 et seq……………………...……...passim

Federal Rule of Civil Procedure 12 (b) (6)………………………………………….passim

## PRELIMINARY STATEMENT

Plaintiff Barbara Ryan ("Plaintiff") filed a Complaint against Defendant Omni Credit Services, Inc. ("Omni") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends that Omni unlawfully attempted to collect a debt by failing to provide meaningful disclosure in telephone voice messages, in violation of 15 U.S.C. § 1692d(6).

Plaintiff has sued the wrong party. Omni is not a debt collector, nor does it operate as a call center. Counsel for Omni advised Plaintiff's counsel, Abraham Kleinman, Esq., of this fact and suggested that Plaintiff amend her Complaint to name the correct entity – an affiliated, but independent company called Omni Credit Services of Florida, Inc. To date, Mr. Kleinman has not responded to Defendant's counsel. Because the final day for Omni to respond to Plaintiff's Complaint is September 30, 2011 (the day this motion is being e-filed by Omni), Omni was required to bring this motion to dismiss rather than wait for an Amended Complaint.

Because Plaintiff has sued the wrong corporate entity, the instant Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

On July 21, 2011, Plaintiff filed a Complaint against Omni alleging violations of the FDCPA. Plaintiff alleges that Omni failed to provide meaningful disclosure in two telephone voice messages (the "Voice Messages"). Complaint, ¶2(a). Plaintiff also alleges that the person who made the call, Regina Godfrey, is employed by Omni as a debt collector. Complaint, ¶35.

2

Upon receipt of the Complaint, Omni's Chief Executive Officer, Gregory Straub, Esq., immediately realized that Omni had been wrongly named, as it does not do debt collections or make telephone calls to debtors in connection therewith. See Declaration of Gregory Straub ("Straub Decl."), ¶¶ 2, 4. Ms. Godfrey is an employee of Omni Credit Services of Florida, Inc. ("Omni Florida"). Id. at ¶3. Omni Florida performs debt collection services. Id. at ¶5.

Counsel for Omni, Cindy D. Salvo, contacted Plaintiff's counsel, Abraham Kleinman, Esq., via email, and informed him that Plaintiff's Complaint named the wrong Defendant. See Declaration of Cindy D. Salvo, Esq. ("Salvo Decl."), ¶2. She provided Mr. Kleinman with the identity of the correct defendant (Omni Florida) and advised him that if he filed an Amended Complaint, she would accept service of the Amended Complaint on behalf of Omni Florida. Id. Mr. Kleinman did not immediately respond. Id. at ¶3. Because Omni's response to the Complaint was due, it became necessary to file the instant motion to dismiss. Id. at ¶4.

## LEGAL ARGUMENT

### I.

### THE INSTANT COMPLAINT SHOULD BE DISMISSED

A.  **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that an action should be dismissed where the complaint fails to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the

speculative level." Id. On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non moving party. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). In certain circumstances, the court may permissibly consider documents other than the complaint in its ruling under a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), including documents attached to the complaint or incorporated in it by reference, or a document upon which the complaint solely relies and which is integral to the complaint. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

Here, Plaintiff wrongly named Omni as the entity that allegedly violated the FDCPA. For the reasons set forth below, the instant Complaint should be dismissed.

**B.     Plaintiff's Complaint Should Be Dismissed Because Omni Does Not Perform Debt Collection Services And Was Wrongfully Named In This Matter**

Plaintiff's sole cause of action arises from allegations that two Voice Messages violated the FDCPA. Plaintiff alleges that the Voice Messages were left by an employee of Omni. This is incorrect. The woman who left the Voice Messages, Regina Godfrey, is an employee of Omni Florida.

Omni is not a debt collector, nor is it a call center. Inasmuch as Plaintiff's claims are based on the fact that she received the Voice Messages from Ms. Godfrey, an employee of Omni Florida, Plaintiff's arguments against Omni must fail. As a matter of law, Omni can not be found liable in this matter. See Mott v. IBM, 2011 WL 3846523 (E.D.N.Y. Aug. 9, 2011) (holding that where plaintiff named the wrong IBM entity as defendant, the complaint had to be dismissed).

### C. Defendant Informed Plaintiff That She Should Amend The Complaint, But She Has Not Done So To Date

Counsel for Omni advised Plaintiff's counsel that Plaintiff had named the wrong party in the suit and agreed to accept service on an Amended Complaint naming the correct entity. Plaintiff's counsel has not yet responded to Omni's request. The last day for Omni to file a response to Plaintiff's Complaint is September 30, 2011. As Plaintiff has not filed an Amended Complaint and has not indicated that she will do so prior to the date Omni's response is due, Omni was forced to respond by filing the within motion to dismiss.

### CONCLUSION

For the foregoing reasons, Defendant Omni Credit Services, Inc. respectfully requests that its motion to dismiss be granted by the Court, dismissing the Complaint with prejudice.

Dated: September 30, 2011                THE SALVO LAW FIRM, PC

By: /s Cindy D. Salvo
Cindy D. Salvo (CS-8533)

165 Passaic Avenue, Suite 310
Fairfield, New Jersey  07004
(973) 233-4080

Attorneys for Defendant,
Omni Credit Services, Inc.